WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jeremiah Tomlinson,<br><br>　　　　　Defendant. | No. CR-17-01075-003-PHX-DGC<br><br>**ORDER** |

Defendant Jeremiah Tomlinson is an inmate with the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582(c), Defendant has filed a motion for compassionate release due to ongoing health concerns from the COVID-19 pandemic. Doc. 196. The motion is fully briefed. Docs. 202, 204. For reasons stated below, the Court will deny the motion.

**I.　Background.**

On July 30, 2018, Defendant pled guilty to count one of the indictment, conspiracy to possess with intent to distribute controlled substances in violation 21 U.S.C. § 841(a). Docs. 1, 93. He received a 120-month prison sentence on February 25, 2019. Doc. 164. Defendant presently is confined in a detention center at the federal correctional institution in Sheridan, Oregon ("FCI-Sheridan"). His projected release date is February 17, 2026. Doc. 202 at 3; *see* Federal BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Oct. 2, 2020).

On April 24, 2020, Defendant made a request to the warden at FCI-Sheridan for compassionate release under § 3582(c). Doc. 196-2. The warden has provided no response. Doc. 196 at 3. Defendant filed the present motion through appointed counsel on August 5, 2020. Doc. 196.

**II.    Compassionate Release Under § 3582(c) and the First Step Act.**

Compassionate release is governed by § 3582(c). *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). On December 21, 2018, Congress enacted – and the President signed into law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

The FSA amended § 3582(c) to permit motions for compassionate release by defendants. A defendant may bring such a motion after: (1) requesting the BOP to make such a motion on her behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. *See* § 3582(c)(1)(A); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, the amended version of § 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

> imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

### III. Defendant's Motion.

Defendant filed his motion on August 5, more than three months after he submitted his administrative request for compassionate release to the warden at FCI-Sheridan. The government does not dispute that Defendant has exhausted his administrative remedies. Doc. 202 at 2. The Court therefore has jurisdiction under § 3582(c)(1)(A).

Defendant seeks a sentence reduction to time served, claiming that he has a heightened risk of dying from COVID-19 due to his age – 41 years old – and multiple health conditions: lung issues, sleep apnea, obesity, pre-diabetes, high blood pressure and cholesterol, arthritis, and being immunocompromised from taking the prescription drug Humira. Doc. 196 at 3, 11-12; *see* Doc. 159 at 3 (listing Defendant's date of birth). The government argues that Defendant has failed to show extraordinary and compelling reasons warranting compassionate release, that the § 3553(a) factors weigh against early release, and that he should not be released early because he poses a danger to the community. Doc. 202 at 9-13.

**A.    Defendant Has Not Shown Extraordinary and Compelling Reasons.**

While § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH,

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020); *see also United States v. Young*, No. 2:00-cr-0002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (citations omitted).

3

2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *2 (S.D. Ala. Apr. 7, 2020).[2]

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

BOP medical records show that Defendant suffers from obesity, rheumatoid arthritis, psoriasis, hypertension, and sleep apnea requiring use of a CPAP machine. Doc. 200. Defendant clearly has a combination of medical conditions that would be serious if he were to contract COVID-19. *See United States v. Johnson*, No. 3:18-CR-00162 (MPS), 2020 WL 4449797, at *2 & n.4 (D. Conn. Aug. 3, 2020) ("According to the Centers for Disease Control and Prevention ('CDC'), 'people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19.' Obesity . . . is one of these underlying medical conditions.") (quoting CDC, Coronavirus Disease 2019, *People with Certain Medical Conditions*); *United States v. Epstein*, No. CR JKB-17-453,

---

[2] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the FSA. By its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director. U.S.S.G. § 1B1.13. The Sentencing Commission has not amended the current policy statement since the FSA was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)). While the current policy statement may not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance. *See id.*

2020 WL 4339325, at *2 (D. Md. July 28, 2020) ("[T]he CDC has identified hypertension as a condition that might be associated with a heightened risk of severe illness, and the Court recognizes the possibility that at least some of Epstein's other conditions [such as sleep apnea] may further enhance his risk."). But Defendant has not shown that he is at a significant risk of contracting COVID-19 while detained at FCI-Sheridan. As of October 2, 2020, only five inmates – out of a total population of 1,480 – have tested positive for COVID-19 at FCI-Sheridan. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (FCI-Sheridan); Federal BOP, *FCI-Sheridan*, https://www.bop.gov/locations/ institutions/she/ (last visited Oct. 2, 2020).

Defendant's general concern about possibly contracting the virus is not similar to what the Commission has articulated as criteria for compassionate release. *See Hays*, 2020 WL 1698778, at *3. "Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). The Court finds that Defendant has not established extraordinary and compelling reasons for a sentence reduction.

### B.   The Section 3553(a) Factors.

The Court also must consider whether the applicable § 3553(a) factors permit Defendant's early release. § 3582(c)(1)(A). The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

1    Defendant and his codefendants engaged in serious criminal conduct – conspiracy
2 to possess with intent to distribute controlled substances. Doc. 93. Defendant admitted
3 that he received a package in the mail containing 500 or more grams of methamphetamine
4 and intended to distribute the drug to others. Doc. 93 at 7. At the time of his arrest,
5 Defendant was in possession of more than a kilogram of methamphetamine and 272 pounds
6 of marijuana. *Id.* He knew these drugs were controlled substances and yet intended to sell
7 them to others. *Id.*; *see* Doc. 159 at 6. Defendant also has a lengthy criminal history
8 involving assault, misconduct involving weapons, and possession of dangerous drugs for
9 sale. Doc. 159 at 13-18. To date, Defendant has served less than half of his 120-month
10 sentence. Docs. 164, 196 at 3; *see* Federal BOP, *Find an Inmate*, https://www.bop.
11 gov/mobile/find_inmate/byname.jsp#inmate_results (listing a projected release date of
12 February 17, 2026).

13    The Court finds that releasing Defendant from prison at this time would not reflect
14 the seriousness of his offense, promote respect for the law, provide just punishment for the
15 offense, or afford adequate deterrence to criminal conduct. What is more, Defendant has
16 failed to show that he "is not a danger to the safety of any other person or to the community,
17 as provided in 18 U.S.C. § 3142(g)." § 3582(c)(1)(A); *see United States v. Zazweta*, No.
18 4:16-CR-176-BLW, 2020 WL 5577876, at *1 (D. Idaho Sept. 17, 2020). Defendant was
19 ordered detained pending trial because clear and convincing evidence showed that he is a
20 danger to the community. Doc. 35. Although Defendant has the love and support of his
21 parents (Docs. 204-1, 204-2), the Court cannot conclude on the present record that
22 Defendant no longer poses a danger to the community if released.

23    The Court will deny Defendant's motion for compassionate release. *See Zazweta*,
24 2020 WL 5577876, at *1 ("[T]he defendant has not carried her burden of showing
25 'extraordinary and compelling reasons' that would support a compassionate release and the
26 Court cannot find that she would not be a danger to the community if released.
27 Consequently, her motion will be denied."); *United States v. Gotti*, No. 02-CR-743, 2020
28 WL 497987, at *6 (S.D.N.Y. Jan. 15, 2020) (release was inappropriate regardless of

6

extraordinary and compelling circumstances because the defendant posed a continuing danger to the public).

**IT IS ORDERED** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 196) is **denied**.

Dated this 5th day of October, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge