WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-01075-003-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jeremiah Tomlinson, | |
| Defendant. | |

Defendant Jeremiah Tomlinson is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a motion for reconsideration of the Court's order denying the motion for compassionate release he filed pursuant to 18 U.S.C. § 3582(c). Doc. 214; *see* Docs. 196, 212. The government has filed a response. Doc. 219. For reasons stated below, the Court will grant the motion in part with respect to the showing of extraordinary and compelling reasons required for compassionate release, but otherwise deny the motion because release at this time would not serve the purposes of 18 U.S.C. § 3553(a) and Defendant has not shown that he no longer is a danger to the community.

**I.     Background.**

On July 30, 2018, Defendant pled guilty to count one of the indictment, conspiracy to possess with intent to distribute controlled substances in violation 21 U.S.C. § 841(a). Docs. 1, 93. On February 25, 2019, the Court sentenced Defendant to 120 months in prison followed by five years of supervised release. Doc. 164. Defendant presently is confined

at the federal correctional institution in Sheridan, Oregon ("FCI-Sheridan").  His projected release date is February 17, 2026.  Doc. 202 at 3; *see* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Dec. 15, 2020).

Defendant filed a motion for compassionate release in August 2020 after exhausting his administrative remedies with the BOP.  Doc. 196.  The Court denied the motion on October 5.  Doc. 212.  Defendant filed the present motion for reconsideration on November 2.  Doc. 214.  The government responded (Doc. 219), and Defendant has not replied.

**II.    Discussion.**

Compassionate release is governed by § 3582(c).  *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)).  Section 3582(c), as amended by the First Step Act of 2018, provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c); *see Willis*, 382 F. Supp. 3d at 1187 (noting that Congress enacted the First Step Act "with the intent of 'increasing the use and transparency of compassionate release'") (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

Defendant sought a sentence reduction to time served in his motion for compassionate release, claiming that he has a heightened risk of dying from COVID-19 due to multiple health conditions. Doc. 196 at 3, 11-12. The government opposed the motion, arguing that Defendant has failed to show extraordinary and compelling reasons warranting compassionate release, that the § 3553(a) factors weigh against early release, and that Defendant poses a danger to the community. Doc. 202 at 9-13. The Court found that while Defendant has a combination of medical conditions that would be serious if he were to contract COVID-19, he failed to show that he is at a significant risk of contracting COVID-19 while detained at FCI-Sheridan. Doc. 212 at 4-5. The Court further found that early release would not serve the purposes of § 3553(a), and that Defendant failed to show he no longer is a danger to the community. *Id.* at 5-7. Defendant moves the Court to reconsider each of those rulings. Doc. 212.[1]

### A. Extraordinary and Compelling Reasons.

BOP medical records show that Defendant suffers from obesity, arthritis, psoriasis, hypertension, and sleep apnea requiring a CPAP machine. Doc. 200. Defendant has a combination of medical conditions that would present serious risks if he were to contract COVID-19. Doc. 212 at 4. On November 2, the Centers for Disease Control and Prevention ("CDC") updated its guidelines to include obesity as one of the most serious risk factors for severe illness from COVID-19. *See* CDC, COVID-19 (Coronavirus Disease), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited Dec. 15, 2020); CDC, Overweight & Obesity, *Obesity Worsens Outcomes from COVID-19*, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (people "with excess weight are at even greater risk during the COVID-19 pandemic" because obesity may triple the

---

[1] "No precise 'rule' governs [a] district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. Rather, the district court's authority to revisit a ruling . . . 'is within its sound judicial discretion.'" *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quoting *United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980)); *see United States v. Thompson*, No. 2:16-CR-0145-TOR-1, 2020 WL 3635812, at *1 (E.D. Wash. June 16, 2020) (same).

risk of hospitalization due to a COVID-19 infection, is linked to impaired immune function, and decreases lung capacity) (last visited Dec. 15, 2020); *see also United States v. Ford*, No. CR CCB-10-336, 2020 WL 7336882, at *2 (D. Md. Dec. 14, 2020) ("The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)").

A person with a body mass index ("BMI") of 30 or greater is obese. *See United States v. Moo*re, No. CR 14-315-06, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020) (the CDC "has identified obesity – defined as a BMI over 30 – as an underlying medical condition that puts a person at an increased risk of severe illness in the event of a COVID-19 infection"). Defendant has a BMI of 32. *See* Doc. 200 at 84 (75 inches tall at 256 pounds). With this BMI, the CDC would categorize Defendant as obese. *See United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *2 (D. Md. Nov. 24, 2020) (BMI between 31 to 31.9 is obese).

Defendant notes, correctly, that the number of COVID-19 infections at FCI-Sheridan has increased since the date of the Court's prior order. Doc. 214 at 4. As of October 2, 2020, only five inmates had tested positive. *See* Doc. 212 at 5. By December 15, however, eleven inmates and ten staff members had tested positive. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp.

Given the increase of COVID-19 infections at FCI-Sheridan and the CDC's warning that obesity is one of the most serious risk factors for severe illness from the virus, the Court finds, and the government now concedes (Doc. 219 at 1), that Defendant has shown extraordinary and compelling reasons for compassionate release. *See United States v. Parsons*, No. CR 12-399-5, 2020 WL 7181119, at *1 (E.D. Pa. Dec. 7, 2020) ("Conditions in the [CDC's] 'increased risk' category, like obesity and smoking, alone can be extraordinary and compelling reasons for compassionate release."); CDC, *People with*

4

*Certain Medical Conditions* (warning that "as BMI increases, the risk of death from COVID-19 increases"). Defendant's motion for reconsideration is granted in this regard.

### B.      Section 3553(a) Factors.

Defendant's COVID-19 risk factors do not, however, end the Court's inquiry. Section 3582(c)(1)(A) "provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a)[.]'" *Mobley*, 2020 WL 6891398, at *3. The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). In considering the § 3553(a) factors, the Court "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release[.]" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

As previously explained, Defendant and his codefendants engaged in serious criminal conduct – conspiracy to possess with intent to distribute controlled substances. *See* Doc. 212 at 4 (citing Doc. 93). Defendant received a package in the mail containing 500 or more grams of methamphetamine and intended to distribute the drug to others. Doc. 93 at 7. At the time of his arrest, Defendant was in possession of more than a kilogram of methamphetamine and 272 pounds of marijuana. *Id.* He knew these drugs were controlled substances and yet intended to sell them to others. *Id.*; *see* Doc. 159 at 6.

Because Defendant has two previous drug-trafficking felonies (state court convictions in 2006 and 2010), he qualified as a career offender with a criminal history category of VI. Doc. 159 at 14-18, 28. His guidelines range was 262 to 327 months, but he was sentenced well below the range to a term of 120 months. Docs. 159 at 25-26. To date, Defendant has served less than half of his 120-month sentence. *See* Docs. 164, 196

at 3; Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (listing a projected release date of February 17, 2026).

The Court cannot conclude that releasing Defendant from prison at this time would reflect the seriousness of his offense, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct. Defendant was released from state prison in July 2016 after serving sentences for possession of narcotic drugs for sale and promoting prison contraband, and reoffended only months later. *See* Doc. 159 at 5, 17-18. Defendant's previous sentences did not deter him from engaging in additional drug trafficking offenses, and the Court cannot conclude that reducing his sentence to time served in this case would have that effect. The Court finds that the § 3553(a) factors outweigh the extraordinary and compelling reasons allowing for compassionate release. *See Ebbers*, 432 F. Supp. 3d at 430 (noting that the court must "particularly [consider] whether compassionate release would undermine the goals of the original sentence"); *United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) ("Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2)."); *United States v. Coleman*, No. 2:16-CR-00139, 2020 WL 6334784, at *8 (W.D. Pa. Oct. 29, 2020) (denying compassionate release where the defendant had serious health conditions because two years remained on his eight-year sentence for drug offenses and he was a recidivist who had not been deterred by previous convictions). Defendant's motion for reconsideration is denied with respect to the § 3553(a) factors.

### C. Danger to the Community.

Defendant contends that he is no longer a danger to community, and that the Court "failed to recognize the person [he] is now." Doc. 214 at 8. Defendant notes that during his imprisonment he has "attended AA, NA, ACE, multiple religious programs an[d] has absolutely no incident or bad conduct reports." *Id.* at 9.

Defendant's good behavior and rehabilitation efforts while in prison are commendable. But Defendant has failed to show that he "is not a danger to the

safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 3582(c)(1)(A); *see United States v. Zazweta*, No. 4:16-CR-176-BLW, 2020 WL 5577876, at *1 (D. Idaho Sept. 17, 2020). Defendant has a lengthy criminal history involving assault, misconduct involving weapons, and possession of dangerous drugs for sale. Doc. 159 at 13-18. As noted, he was released from prison in July 2016 and promptly reoffended. Given this record, the Court cannot conclude that Defendant no longer poses a danger to the community if released. *See United States v. Gotti*, No. 02-CR-743, 2020 WL 497987, at *6 (S.D.N.Y. Jan. 15, 2020) (early release was inappropriate regardless of extraordinary and compelling circumstances because the defendant posed a continuing danger to the public); *United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1243-44 (S.D. Fla. 2020) ("Defendant does not – and cannot – show that his release would pose no 'danger to any person or the community.' His medical condition – serious and deteriorating though it may be – did not deter him from committing the crimes for which he is now incarcerated. And there is no reason to believe that it will deter him from committing similar crimes in the future."). Defendant's motion for reconsideration is denied in this regard.

### III.   Conclusion.

Defendant has shown extraordinary and compelling reasons allowing for compassionate release, but release at this time would undermine the goals of sentencing set forth in § 3553(a). Defendant has also failed to show that he no longer is a danger to the community.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that Defendant's motion for reconsideration is **granted in part** with respect to the showing of extraordinary and compelling reasons required for compassionate release, but otherwise is **denied**.[2]

Dated this 17th day of December, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge

---

[2] Defendant's request to serve the remainder of his sentence on home confinement (Doc. 214 at 9) is denied because the Coronavirus Aid, Relief, and Economic Security Act "authorizes the BOP – not courts – to expand the use of home confinement' under 18 U.S.C. § 3624(c)(2)." *United States v. Cecilio Alaniz, Jr.*, No. 15-CR-00329-DAD-BAM, 2020 WL 4059581, at *7 (E.D. Cal. July 20, 2020) (quoting *United States v. Fantz*, No. 5:14-cr-32-BR, 2020 WL 3492028, at *1 (E.D.N.C. June 26, 2020)); *see United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases).